**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Vantage Mobility International LLC, | No. CV-19-04684-PHX-JJT |
| Plaintiff, | **ORDER** |
| v. | |
| Kersey Mobility LLC, *et al.*, | |
| Defendants. | |

At issue are Plaintiff Vantage Mobility International LLC's ("VMI") Motion for Reconsideration Re: Order Dismissing Defendant the Braun Corporation (Doc. 104) and Motion for Reconsideration Re: Court's Order Denying Plaintiff's Application for Preliminary Injunction and Dismissing Certain Claims (Doc. 106); and Defendant Braun Corporation's ("BraunAbility") Motion to Enter Judgment under Fed. R. Civ. P. 54(b) (Doc. 105), to which VMI filed a Response (Doc. 109) and BraunAbility filed a Reply (Doc. 110). No party requested oral argument, and the Court will resolve these matters without oral argument. *See* LRCiv 7.2(f).

**I.  VMI's Motion for Reconsideration of Order Dismissing BraunAbility**

VMI asks the Court to revisit its Order dismissing BraunAbility for lack of personal jurisdiction (Doc. 102). Motions for reconsideration should be granted only in rare circumstances. *Defenders of Wildlife v. Browner*, 909 F. Supp. 1342, 1351 (D. Ariz. 1995). A motion for reconsideration is appropriate where the district court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly

unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J, Multnomah County v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). Mere disagreement with a previous order is an insufficient basis for reconsideration. *See Leong v. Hilton Hotels Corp.*, 689 F. Supp. 1572, 1573 (D. Haw. 1988). A motion for reconsideration "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). Nor may a motion for reconsideration repeat any argument previously made in support of or in opposition to a motion. *Motorola, Inc. v. J.B. Rodgers Mech. Contractors, Inc.*, 215 F.R.D. 581, 586 (D. Ariz. 2003).

VMI contends that the Court erred in dismissing BraunAbility for lack of personal jurisdiction because VMI met its burden to show that the Court has both general and specific jurisdiction over BraunAbility. To begin with, in its Order resolving VMI's Application for Preliminary Injunction and Defendant Kersey Mobility LLC's Motion to Dismiss, the Court found that VMI failed to state a claim in Counts 2 through 5, which are the only claims against BraunAbility. (Doc. 103 at 16–17.) Without having stated a claim against BraunAbility, VMI's argument that the Court has personal jurisdiction over BraunAbility is essentially moot. Later in this Order, the Court will address VMI's Motion for Reconsideration of the Court's Order concluding that VMI failed to state a claim in Counts 2 through 5. Nonetheless, the Court will briefly address VMI's arguments that VMI met its burden to show the Court has personal jurisdiction over BraunAbility.

**A.     General Jurisdiction**

With regard to general jurisdiction, VMI first argues that, under the Sherman Act, VMI may sue "in any district court of the United States in the district in which the defendant resides or is found or has an agent," and VMI alleges that BraunAbility both is found and has an agent in Arizona. (Doc. 104 at 5.) As the Court pointed out in its Order resolving VMI's Application for Preliminary Injunction, VMI did not bring a Sherman Act claim in this lawsuit. (*See* Doc. 103 at 13–14.) Instead, VMI brought a claim under the Arizona unfair competition statute, A.R.S. § 44-1402. That statute requires some part of

"[a] contract, combination or conspiracy between two or more persons in restraint of, or to monopolize, trade or commerce" to occur in Arizona. A.R.S. § 44-1402. VMI's allegations are not sufficient to plausibly show that a part of anything identified in the statute occurred in Arizona. (*See* Doc. 103 at 13–14 (analyzing VMI's Arizona unfair competition claim).) Thus, VMI has not stated a claim under A.R.S. § 44-1402, and that claim cannot provide a basis for personal jurisdiction over BraunAbility.

VMI next argues that the Court neglected to consider that BraunAbility has a statutory agent for service of process in Arizona, which VMI argues is sufficient for the Court to have personal jurisdiction over BraunAbility. In *Burnham v. Superior Court of California, County of Marin*, 495 U.S. 604, 617–18 (1990), the Supreme Court addressed states' requirements that nonresident corporations appoint in-state agents upon whom process could be served and providing for in-state substituted service for nonresident motorists who left the state before service could be accomplished. *Id.* at 617. The Court explained that, although it had initially held these requirements to be consent to personal jurisdiction in that state because such requirements were compliant with *Pennoyer*'s rigid requirements, such consent or presence under these agreements was really "fictional." *Id.* at 617–18.

*International Shoe* cast aside those fictions, requiring the inquiry into jurisdiction over nonconsenting defendants who are not present in the forum to turn on an examination of the "'quality and nature of activity in relation to the forum.'" *Id.* at 618 (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 319 (1945)). The general jurisdiction analysis was further clarified in *BNSF*, where the Supreme Court required the inquiry to be an appraisal of a corporation's activities in their entirety. *BNSF Ry. Co. v. Tyrrell*, 137 S. Ct. 1549, 1559 (2017).

In *Daimler*, the Supreme Court noted that changes in the technology of transportation and communication, along with the growth of interstate business, meant that the strict territorial approach to jurisdiction must yield to a less rigid understanding of jurisdiction. *Daimler AG v. Bauman*, 571 U.S. 117, 126 (2014) (citing *Burnham*, 495 U.S.

at 617). A categorical assertion of general jurisdiction where the corporation complies with a state's registration and appointment laws would essentially contradict *Daimler* and *BNSF*'s limitation of general jurisdiction to a corporation's place of incorporation, principal place of business, and *exceptional* cases where contacts with the forum state are substantial and of such nature to render it at home. With regard to the weight the Court is to give a defendant's appointment of an agent within the forum state, *Perkins v. Benguet Consolidated Mining Company* stated: "The corporate activities of a foreign corporation which, under state statute, make it necessary for it to secure a license and to designate a statutory agent upon whom process may be served provide a helpful but not conclusive test." 342 U.S. 437, 445 (1952); *see also Brown v. Lockheed Martin Corp.*, 814 F.3d 619, 639 (2d Cir. 2016) ("[T]he sweeping interpretation that a state court gave to a routine registration statute and an accompanying power of attorney that *Pennsylvania Fire* credited as a general consent has yielded to the doctrinal refinement in *Goodyear* and *Daimler* and the Court's 21st century approach to general and specific jurisdiction in light of expectations created by the continuing expansion of interstate and global business.").

As the Court concluded in its prior Order (Doc. 102 at 4–5), VMI did not meet its burden to show that BraunAbility's affiliations with Arizona are so extensive as to render it essentially at home in Arizona when considering its activities in their entirety. The fact that BraunAbility has a statutory agent in Arizona does not change that conclusion. The balance of VMI's arguments regarding general jurisdiction in the Motion for Reconsideration rehash what it already argued in response to BraunAbility's Motion to Dismiss, and the Court will not repeat its analysis from the prior Order (Doc. 102 at 4–5.)

**B.      Specific Jurisdiction**

Likewise, all of VMI's arguments regarding specific jurisdiction are those which VMI made or could have made at the time BraunAbility filed its Motion to Dismiss. First, VMI argues that "new facts" are available for it to argue that BraunAbility aimed its conduct at Arizona, but the Court considered the facts VMI points to in resolving BraunAbility's Motion to Dismiss. (*See* Doc. 102 at 5–8.) For example, the Court

considered VMI's broad allegations of BraunAbility's anticompetitive behavior on a national scale but found that, in the First Amended Complaint, VMI tied none of those allegations to specific claims against BraunAbility. (Doc. 102 at 8 & n.4.) The Court also considered allegations that BraunAbility orchestrated its subsidiary's purchase of the membership interests of one of VMI's local distributors in Washington, but found they did not have a sufficient nexus to Arizona. (Doc. 102 at 7.) To the extent VMI alleges BraunAbility's actions in Washington (by way of its subsidiary) were felt by VMI in Arizona, the Court concluded that those allegations were insufficient under *Walden v. Fiore*, 571 U.S. 277, 290 (2014). Insinuations that VMI may have lost business in the Arizona market due to the membership interest sale of one of VMI's local distributors in Washington to BraunAbility's subsidiary are simply too tenuous to confer the Court with personal jurisdiction over BraunAbility in Arizona.

In addition, VMI argues for the first time that BraunAbility is subject to the forum selection clauses in contracts Kersey—the Washington distributor whose membership interests BraunAbility's subsidiary, Arch, purchased—entered into with VMI. But VMI did not bring a claim for breach of those contracts against BraunAbility, and the forum selection clauses would not extend to the claims VMI did attempt to bring against BraunAbility. Moreover, from a procedural standpoint, VMI does not demonstrate why it did not and could not have made that argument in its initial response to BraunAbility's Motion to Dismiss.

Essentially, having failed to meet its burden the first time, VMI is seeking a second opportunity, after being allowed jurisdictional discovery, to amend its complaint and contest BraunAbility's Motion to Dismiss for lack of personal jurisdiction. The discovery VMI now describes is what courts often describe as a fishing expedition. (*See* Doc. 104 at 14 n.4.) Moreover, in its Response (Doc. 31) to BraunAbility's Motion to Dismiss, VMI neither requested jurisdictional discovery nor requested to amend the Complaint. VMI complains of being denied discovery, but the only discovery denial was the Court's denial of VMI's explicit request to conduct discovery in conjunction with its Application for

Preliminary Injunction. (Doc. 18.) The Court denied that request because it was not "narrowly tailored to the issues before the Court in the Preliminary Injunction Application" (Doc. 29 at 2), and nowhere in any of the related papers did VMI request jurisdictional discovery with regard to BraunAbility.

Lastly, VMI asks whether the dismissal of claims against BraunAbility was with or without prejudice. A dismissal for lack of personal jurisdiction is one without prejudice to the plaintiff reasserting its claims in a court with proper jurisdiction over the parties and claims. *See Repwest Ins. Co. v. Praetorian Ins. Co.*, 890 F. Supp. 2d 1168, 1190 (D. Ariz. 2012). VMI is not without a remedy; it may bring claims against BraunAbility in a court of proper jurisdiction. For all these reasons, the Court will deny VMI's Motion for Reconsideration (Doc. 104) of the Court's Order (Doc. 102) dismissing BraunAbility for lack of personal jurisdiction.

II. **VMI's Motion for Reconsideration of Order Denying Application for Preliminary Injunction and Granting Kersey's Motion to Dismiss**

VMI also asks the Court to reconsider its Order denying VMI's Application for Preliminary Injunction and granting Kersey's Motion to Dismiss. (Doc. 106.) Although lengthy, VMI's Motion for Reconsideration simply elaborates on arguments that VMI already made in its prior briefing and at oral argument. The Court carefully considered VMI's allegations, the facts presented in conjunction with the Application for Preliminary Injunction, and the governing law in resolving the motions before it, and the Court laid out in detail its reasoning in its prior Order (Doc. 103). In the absence of a change in law, the Court declines VMI's invitation to revisit arguments VMI made (or could have made) and the Court resolved its prior Order. *See Kona Enters., Inc.*, 229 F.3d at 890 (noting a motion for reconsideration "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation"); *Leong*, 689 F. Supp. at 1573 (stating that mere disagreement with a previous order is an insufficient basis for reconsideration).

In the Order, the Court dismissed a portion of Count 1 as well as Counts 3 and 5, stating that, considering VMI's allegations, VMI cannot state a claim for breach of contract (Count 1) under the Location Policy (Doc. 103 at 6); cannot state a claim for breach of the Control Policy (Count 1) as it pertains to the Select Dealer Agreement (Doc. 103 at 7); and cannot state claims for unfair competition under A.R.S. § 44-1402 (Count 3) or for consumer fraud under A.R.S. § 44-1522 (Count 5) (Doc. 103 at 14, 16). Those claims were thus dismissed without leave to amend. *See Lopez v. Smith*, 203 F.3d 1122, 1127–30 (9th Cir. 2000) (holding that a plaintiff is entitled to amend the complaint before a claim is dismissed only upon the court's finding that defects in the claim can be cured).

No motion to dismiss was pending before the Court with regard to Count 2, for tortious interference with contractual relations, or Count 4, for civil conspiracy based on Count 2, but in its analysis of VMI's Application for Preliminary Injunction, the Court concluded that VMI failed to state claims for these Counts. (Doc. 103 at 13, 14.) In its Order, the Court did not make a finding as to whether VMI could cure the defects in these claims because no party moved to dismiss the claims. Because VMI now asks whether it can amend those claims, and in the interest of expediency, the Court finds that VMI would not be able to cure the defects in those claims by amendment.

Thus, as the Court laid out in its Order (Doc. 103 at 16–17), VMI has only stated a claim in a portion of Count 1, namely, for Kersey's breach of the Control Policy as it pertains to the Authorized Dealer Agreement, after voiding the term in the Policy that it survives termination of the underlying Agreement.

### III. BraunAbility's Rule 54(b) Motion for Judgment

BraunAbility asks the Court to enter a partial judgment under Federal Rule of Civil Procedure 54(b) dismissing VMI's claims against BraunAbility. Rule 54(b) states that "when an action presents more than one claim for relief, . . . the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." The decision whether there is no just reason for delay of entry of final judgment against only one defendant is at the district

court's discretion because it is "'most likely to be familiar with the case and with any justifiable reasons for delay.'" *Texaco, Inc. v. Ponsoldt*, 939 F.2d 794, 798 (9th Cir. 1991) (quoting *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 10 (1980)). A principal concern in resolving a Rule 54(b) motion is the desire to avoid "undesirable piecemeal appeals." *See Cheng v. Comm'r, I.R.S.*, 878 F.2d 306, 310 (9th Cir. 1989).

VMI argues in opposition to BraunAbility's request for entry of judgment that the Court may grant VMI's Motions for Reconsideration or permit further amendment of the Complaint to add new claims against BraunAbility. Here, the Court will deny the Motions for Reconsideration, and VMI has not stated a claim against BraunAbility under which the Court would have personal jurisdiction over BraunAbility. Abundant case law holds that dismissal for lack of personal jurisdiction is an ultimate disposition and that jurisdictional claims are generally severable from the merits of the lawsuit. *See Curtiss-Wright Corp.*, 446 U.S. at 7; *Core-Vent Corp. v. Nobel Indus. AB*, 11 F.3d 1482, 1484 (9th Cir. 1993). Although there is some overlap in the jurisdictional determination and the lack of merit of VMI's claim against BraunAbility for unfair competition under A.R.S. § 44-1402, the Court has found that VMI cannot cure the defects in that claim by amendment, so that claim is no longer a part of this lawsuit. Accordingly, under Rule 54(b), the Court finds no just reason for delay of entry of judgment dismissing BraunAbility from this lawsuit. *See Core-Vent*, 11 F.3d at 1484 (granting Rule 54(b) motion for judgment dismissing defendants for lack of personal jurisdiction and finding that "allowing for immediate appeal would serve the efficient administration of justice").

**IT IS THEREFORE ORDERED** denying Plaintiff's Motion for Reconsideration Re: Order Dismissing Defendant the Braun Corporation (Doc. 104).

**IT IS FURTHER ORDERED** denying Plaintiff's Motion for Reconsideration Re: Court's Order Denying Plaintiff's Application for Preliminary Injunction and Dismissing Certain Claims (Doc. 106).

**IT IS FURTHER ORDERED** granting Defendant Braun Corporation's Motion to Enter Judgment under Fed. R. Civ. P. 54(b) (Doc. 105).

**IT IS FURTHER ORDERED** directing the Clerk of Court to enter final judgment dismissing Plaintiff's claims against Defendant Braun Corporation for lack of personal jurisdiction. Plaintiff's surviving claim against another Defendant remains pending.

Dated this 24th day of March, 2020.

*Honorable John J. Tuchi*
*United States District Judge*