WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Vantage Mobility International, LLC, | No. CV-19-04684-PHX-JJT |
| Plaintiff, | **ORDER** |
| v. | |
| Kersey Mobility, LLC, | |
| Defendant. | |

On June 11, 2020, following the District Judge's referral (Doc. 156), the Court held a telephonic hearing concerning the parties' discovery dispute. For the reasons explained herein, Defendant's Motion for Protective Order (Doc. 159) will be granted.

## I. BACKGROUND

As recounted in the Court's January 24, 2020 Order:

> Plaintiff [Vantage Mobility International, LLC ("VMI")] is an Arizona company that produces and sells wheelchair-occupied, lowered-floor minivan conversions. Since 2011, Defendant [Kersey Mobility, LLC ("Kersey")] has been an authorized dealer of VMI products in certain portions of the State of Washington. Kersey is made up of two members, Defendants Kersey Mobility Systems, Inc. and Jensen8, Inc. VMI alleges that Defendant Michael Kersey is the "sole governor" of Kersey Mobility Systems, Inc. and Defendant Michael Jensen is a "governor" of Jensen8.
>
> In 2017, VMI and Kersey entered into an Authorized Dealer Agreement for Kersey to sell VMI's manual equipment

(Doc. 54-8, Auth. Dealer Agree.), and a Select Dealer Agreement for Kersey to sell VMI's powered equipment (Doc. 54-9, Select Dealer Agree.). Each Agreement includes separate Dealer Policies, and the Agreement and Policies together constitute "Dealer Relationship Documents (DRD)." A Territory and Location Policy attached to the Authorized Dealer Agreement provides that if Kersey wishes "to sell or cease operating one or more of [Kersey's] locations at or from which any or all of [VMI's] Products are sold," VMI has a right of notice, first offer, and first refusal. (Doc. 54-8 at 7, Location Policy.)

In November 2018, VMI added an Assignment and Change of Control Policy to the DRD as "governed by either the Select Dealer Agreement or the Authorized Dealer Agreement." (Doc. 54-10, Control Policy.) That Policy states that, without the prior written consent of VMI, Kersey may neither "assign any or all of its rights or delegate the performance of any or all of its duties and obligations" under the agreements with VMI nor transfer control of Kersey. The Policy purports to survive any termination of the associated Agreements. The parties dispute whether the Control Policy is enforceable against Kersey.

The Braun Corporation ("BraunAbility") is an Indiana company that also produces and sells wheelchair-occupied, lowered-floor minivan conversions and thus is a competitor of VMI. VMI alleges that BraunAbility orchestrated the purchase of all of Kersey's membership interests by one of BraunAbility's subsidiaries, Defendant Arch Channel Investments LLC ("Arch"), in June 2019, and that VMI stands to lose market share in Washington to BraunAbility, since Kersey is now owned by one of BraunAbility's subsidiaries. VMI claims that, by entering into the membership interest sale, Kersey breached its agreements with VMI (Count 1) and that Defendants' conduct constituted tortious interference with contractual relations (Count 2), unfair competition under A.R.S. § 44-1402 (Count 3), civil conspiracy (Count 4), and consumer fraud under A.R.S. § 44-1522 (Count 5). (Doc. 37, First Am. Compl. ("FAC").)

(Doc. 103 at 2-3).

On August 14, 2019, Defendant BraunAbility filed a Motion to Dismiss for Lack of

Personal Jurisdiction (Doc. 20). The Court concluded that it did not have personal jurisdiction over Defendant BraunAbility and dismissed all claims against Defendant BraunAbility. (Doc. 102). The Court also granted in part a Motion to Dismiss (Doc. 48) filed by Defendant Kersey. The remaining claim is Plaintiff's claim against Defendant Kersey "for breach of the Control Policy as it pertains to the Authorized Dealer Agreement." (Doc. 103 at 16-17).

On May 15, 2020, the parties filed a Notice of Discovery Dispute (Doc. 153). The matter was referred to the undersigned for resolution. (Doc. 156). The Court set May 27, 2020 as the deadline for filing any motion requesting relief and set a telephonic discovery dispute hearing for June 11, 2020. (Doc. 157).

On May 27, 2020, Defendant filed the pending Motion for Protective Order (Doc. 159). Defendant requests that the Court quash subpoenas served on the following six non-parties: (i) Michael Kersey, (ii) Angela Kersey, (iii) Kersey Mobility Systems, Inc., (iv) Michael Jensen, (v) Kelly Jensen, and (vi) Jensen8, Inc.

## II. DISCUSSION

### A. Defendant has Standing to Challenge the Subpoenas

Plaintiff asserts that Defendant's Motion for Protective Order (Doc. 159) should be denied on the basis that Defendant lacks standing to challenge the subpoenas served on the non-parties. (Doc. 162 at 8-10).

Under Federal Rule of Civil Procedure 45, any party may serve a subpoena on a non-party commanding the production of designated documents for inspection. Fed. R. Civ. P. 45(a)(1)(A)(iii). Rule 45(d)(3)(A) provides that

> On timely motion, the court for the district court where compliance is required must quash or modify a subpoena that: (i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden.

Rule 45(d)(3)(B) further provides that "[t]o protect a person subject to or affected by a subpoena, the court for the district where compliance is required the court may, on

1  motion, quash or modify the subpoena if it requires: (i) disclosing a trade secret or other confidential research, development, or commercial information . . . ."

The Court finds that Defendant has standing to challenge the subpoenas at issue because of its interest in securing the confidentiality of its proprietary business information, as evidenced by the Court's granting of the parties' Joint Motion for Protective Order. (Docs. 136, 141). The Court finds that the documents requested in the subpoenas are likely to encompass information that would qualify as protected material under the parties' Protective Order (Doc. 141). *See Wahoo Intern., Inc. v. Phix Doctor, Inc.*, No. 13cv1395-GPC (BLM), 2014 WL 3573400, at *7 (S.D. Cal. July 18, 2014) (finding defendant's interests sufficiently jeopardized to afford standing to seek a protective order where subpoenas sought sensitive financial information regarding defendant's sales, were served on defendant's current distributors, and put a strain on defendant's business relationship with its distributors).

To the extent that Defendant lacks standing with respect to some of its arguments in support of quashing the subpoenas, the Court considers the merits of the Motion for Protective Order pursuant to its inherent discretion to manage discovery and its authority to sua sponte issue a protective order under Rule 26(c). *See Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988) ("The district court has wide discretion in controlling discovery."); *McCoy v. Southwest Airlines Co., Inc.*, 211 F.R.D. 381, 385 (C.D. Cal. 2002) ("[U]nder Rule 26(c), the Court may sua sponte grant a protective order for good cause shown."); *Coleman v. Schwarzenegger*, Nos. CIV S-90-0520 LKK JFM P, C01-1351 THE, 2007 WL 4276554, at *1 (E.D. Cal. Nov. 29, 2007) ("A protective order may include an order that discovery not be had.") (internal quotation marks and citation omitted).

### B. The Subpoenas Will Be Quashed

Federal Rule of Civil Procedure 26 provides that a party may obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). In determining

proportionality, the Court "consider[s] the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id.* "Information within this scope of discovery need not be admissible in evidence to be discoverable." *Id.*

The 2000 amendments to Rule 26(b)(1) replaced prior language defining relevant discovery as that relating to the "subject matter" of the litigation to the more restrictive "claim or defense" language. Fed. R. Civ. P. 26(b)(1) Advisory Committee's Note (2000 Amendment). "The rule change signals to the court that it has the authority to confine discovery to the claims and defenses asserted in the pleadings, and signals to the parties that <u>they have no entitlement to discovery to develop new claims or defenses that are not already identified in the pleadings</u>." Fed. R. Civ. P. 26(b)(1) Advisory Committee's Note (2000 Amendment) (emphasis added). "This limitation ensured that discovery would no longer be used to troll for new claims or causes of action, but that the requested discovery was relevant to the specific claims and defenses before the court." *Franklin v. United States*, No. 12-1167 KBM/LFG, 2013 WL 11336864, at *2 (D.N.M. Aug. 28, 2013); *see also Monte H. Greenawalt Revocable Trust v. Brown*, No. 2:12–cv–01983 LRH–VCF, 2013 WL 6844760, at *3 (D. Nev. Dec. 19, 2013) ("This prevents litigants from engaging in 'fishing expeditions' that may expose the defendant to claims not previously asserted in the plaintiff's complaint."); *Dymnioski v. Crown Equip. Corp.*, No. CIV. 11-3696, 2012 WL 1986584, at *6 (D.N.J. June 4, 2012) ("Discovery . . . cannot serve as a fishing expedition through which plaintiff searches for evidence to support facts he has not yet pleaded.").

At the hearing, Plaintiff reasserted the argument in its Response (Doc. 162 at 8) that "Defendant Kersey seeks to foreclose the very discovery the Court expressly permitted VMI to conduct." In support of this position, Plaintiff cites the Court's April 27, 2020 Order that states:

> On April 23, 2020, the Court reversed its prior decision and allowed Plaintiff the opportunity to file a motion to amend

>the FAC between now and August 1, 2020. In reversing itself, the Court was primarily driven by the fact that Plaintiff had not yet had an opportunity to conduct discovery before the Court foreclosed the chance to amend.

(Doc. 135 at 2). The Court's Order (Doc. 135) does not permit Plaintiff to conduct discovery that is outside the scope permitted by Rule 26(b)(1).

After reviewing the parties' briefing and considering the arguments made at the hearing, the Court finds that much of the discovery Plaintiff seeks through the third-party subpoenas may be obtained from Defendant Kersey. "Courts are particularly reluctant to require a non-party to provide discovery that can be produced by a party." *Amini Innovation Corp. v. McFerran Home Furnishings, Inc.*, 300 F.R.D. 406, 410 (C.D. Cal. 2014); *see also Precourt v. Fairbank Reconstruction Corp.*, 280 F.R.D. 462, 467 (D.S.D. 2011) ("If the party seeking information can easily obtain the same information without burdening the non-party, the court will quash the subpoena.").

Moreover, to reiterate, the Court dismissed all of Plaintiff's claims except for the claim against Defendant Kersey for "breach of the Control Policy as it pertains to the Authorized Dealer Agreement." (Doc. 103 at 16). The Court concludes that the documents requested in the subpoenas at issue that may not be obtained by propounding discovery on Defendant Kersey are not proportional to the needs of the case. Plaintiff may not serve subpoenas on non-parties to search for evidence to support new causes of action.[1] *See Booker v. State of Arizona*, No. 2:09-cv-00902-ROS (D. Ariz. July 9, 2010), ECF No. 44 (granting motion for protective order because discovery did not pertain to pled causes of

---

[1] Plaintiff states in its Response:
>The discovery disputes arise with Braun driving the protest in an effort to keep VMI from finding out the total scope of behavior among related entities and persons, all of whom were acting in concert to achieve the decimation of VMI in the Seattle market, while harming its business operations and opportunities in Arizona and elsewhere in the United States. For its part, VMI is confronted with a deadline to amend its case by August 1, 2020, and a desperate effort to discover how this illicit transaction came to pass.

(Doc. 162 at 3).

- 6 -

action and explaining that if "Plaintiffs wish to obtain the discovery they have propounded, they must amend their complaint to plead additional theories"); *Iacono v. Int'l Bus. Machines Corp.*, No. CV17-8083-FMO (PLA), 2018 WL 6112606, at *7 (C.D. Cal. Sept. 17, 2018) ("[E]ven if the information sought is – at best –marginally relevant to plaintiff's allegations (which the Court does not determine), the burden on defendant to search for the proverbial needle in the haystack is not proportional to the needs of this case."). The Motion for Protective Order (Doc. 159) will be granted.

### III.  CONCLUSION

Based on the foregoing,

**IT IS ORDERED** granting Defendant's Motion for Protective Order (Doc. 159).

**IT IS FURTHER ORDERED** quashing the subpoenas issued for Michael Jensen, Kelly Jensen, Jensen8, Inc., Michael Kersey, Angela Kersey, and Kersey Mobility Systems, Inc.

**IT IS FURTHER ORDERED** granting Plaintiff's Motion to File Under Seal (Doc. 163). The Clerk of Court is directed to file under seal the lodged exhibits.

Dated this 11th day of June, 2020.

Honorable Eileen S. Willett
United States Magistrate Judge