**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Vantage Mobility International, LLC, | No. CV-19-04684-PHX-JJT |
| Plaintiff, | **ORDER** |
| v. | |
| Kersey Mobility, LLC, | |
| Defendant. | |

Pending before the Court is Kersey Mobility, LLC's ("Defendant" or "Kersey") Motion to Compel (Doc. 284).[1] Defendant moves to compel Plaintiff to designate organizational representatives for Rule 30(b)(6) depositions. Vantage Mobility International, LLC ("Plaintiff" or "VMI") has filed a Response (Doc. 290), to which Defendant has replied (Doc. 295). After reviewing the parties' briefing, the Court does not find that oral argument is necessary. For the reasons explained herein, the Court will grant Defendant's Motion (Doc. 284) as to all but one of the noticed deposition topics.

---

[1] On October 21, 2020, the District Judge referred to the undersigned the discovery dispute outlined in the parties' "Notice of Discovery Dispute Regarding Depositions Noticed by Kersey for October 8 and October 9, 2020" (Doc. 260). (Doc. 268). The undersigned ordered full briefing. (Doc. 276).

# I. LEGAL STANDARDS

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable." *Id.* "Generally, the purpose of discovery is to remove surprise from trial preparation so the parties can obtain evidence necessary to evaluate and resolve their dispute." *Duran v. Cisco Sys., Inc.*, 258 F.R.D. 375, 378 (C.D. Cal. 2009) (citations omitted).

Since an organization itself cannot be deposed, Federal Rule of Civil Procedure 30(b)(6) allows the testimony to be taken from a person answering questions on behalf of the entity. *See Hooker v. Norfolk S. Ry. Co.*, 204 F.R.D. 124, 125 (S.D. Ind. 2001). Under Rule 30(b)(6), a party may notice an organization's deposition without specifically naming the individual to be deposed, instead setting forth "with reasonable particularity" the matters on which the examination is requested so the organization can designate one or more individuals to testify. Rule 30(b)(6) was "intended to assist both sides in the deposition process." *Memory Integrity, LLC v. Intel Corp.*, 308 F.R.D. 656, 660 (D. Or. 2015). On the one hand, Rule 30(b)(6) serves to "curb the 'bandying' by which officers or managing agents of a corporation are deposed in turn but each disclaims knowledge of facts that are clearly known to persons in the organization and thereby to it." Rule 30, Advisory Committee Notes (1970 Amendment). On the other hand, the "provision should also assist organizations which find that an unnecessarily large number of their officers and agents are being deposed by a party uncertain of who in the organization has knowledge." *Id.*

In response to a Rule 30(b)(6) deposition notice, "corporate parties have an obligation to present witnesses who are capable of providing testimony on the noticed

topics regardless of whether the information was in the witness's personal knowledge, provided that the information is reasonably available to the corporation." *Memory Integrity*, 308 F.R.D. at 661; *Great Am. Ins. Co. of New York v. Vegas Const. Co., Inc.*, 251 F.R.D. 534, 539 (D. Nev. 2008) ("The duty to prepare a Rule 30(b)(6) designee goes beyond matters personally known to the witness or to matters in which the designated witness was personally involved."). The corporation must identify and prepare its witnesses "so that they may give complete, knowledgeable and binding answers on behalf of the corporation." *Sprint Commc'ns Co. L.P. v. Theglobe.com, Inc.*, 236 F.R.D. 524, 528 (D. Kan. 2006) (internal quotation marks and footnote omitted); *Starlight Int'l Inc. v. Herlihy*, 186 F.R.D. 626, 639 (D. Kan. 1999) (corporation has "a duty to make a conscientious, good-faith effort to designate knowledgeable persons for Rule 30(b)(6) depositions and to prepare them to fully and unevasively answer questions about the designated subject matter"). "The designating party has a duty to designate more than one deponent if necessary to respond to relevant areas of inquiry on the noticed topics." *Great Am. Ins. Co. of New York*, 251 F.R.D. at 538-39. Although courts have recognized that "[a]dequately preparing a Rule 30(b)(6) deposition can be burdensome, 'this is merely the result of the concomitant obligation from the privilege of being able to use the corporate form in order to conduct business.'" *Id.* at 540 (quoting *United States v. Taylor*, 166 F.R.D. 356, 362 (M.D. N.C. 1996)).

Because "Rule 30(b)(6) places substantial responsibilities and burdens on the responding corporate party," *Memory Integrity*, 308 F.R.D. at 661, for the Rule "to effectively function, the requesting party must take care to designate, with painstaking specificity, the particular subject areas that are intended to be questioned, and that are relevant to the issues in dispute." *Prokosch v. Catalina Lighting, Inc.*, 193 F.R.D. 633, 638 (D. Minn. 2000). While an organization must make a good faith effort to prepare a Rule 30(b)(6) witness to "fully and unevasively answer questions about the designated subject matter . . . that task becomes less realistic and increasingly impossible as the number and breadth of noticed subject areas expand." *Apple Inc. v. Samsung Elecs. Co.*, No. C 11-

1846 LHK PSG, 2012 WL 1511901, at *2 (N.D. Cal. Jan. 27, 2012) (internal quotation marks omitted). Rule 30(b)(6) does not permit "burdening the responding party with production and preparation of a witness on every facet of the litigation." *Apple*, 2012 WL 1511901, at *2.

## II. DISCUSSION

The factual background concerning this litigation is summarized in the Court's prior Orders and will not be repeated here. (Doc. 103 at 2-3; Doc. 168 at 1-2; Doc. 207 at 1-3). The parties' instant dispute concerns Defendant's "First Amended Notice of Deposition 30(b)(6) Representative of Vantage Mobility International, LLC" (the "Amended Notice") (Doc. 284-1 at 3-5) served on Plaintiff on October 6, 2020. The Amended Notice identifies eleven topics for examination, which are discussed below. It is first noted that the Court is not persuaded by Plaintiff's assertion (Doc. 290 at 7-9) that by filing its Motion for Summary Judgment, Defendant has no good-faith basis to take the depositions. The parties notified the Court of the pending dispute on October 8, 2020 (Doc. 260), well before Defendant filed its Motion for Summary Judgment (Doc. 281) on November 20, 2020. The Motion to Compel was filed upon the Court's directive for full briefing of the dispute. (Doc. 276). The affidavit from Defendant's damages expert that is attached to the Motion to Compel is dated October 7, 2020. (Doc. 284-1 at 16).

### A. Topic 1

As Defendant notes (Doc. 284 at 4), the remaining claim in this matter is "VMI's claim for breach of the Control Policy as it pertains to the Authorized Dealer Agreement." (Doc. 103 at 16). The Control Policy states that, without the prior written consent of VMI, Kersey may neither "assign any or all of its rights or delegate the performance of any or all of its duties and obligations" under the agreements with VMI nor transfer control of Kersey. (*Id.* at 2). Defendant asserts that Plaintiff's claim fails as Defendant never assented to the Control Policy.

Topic 1 of the Amended Notice seeks a Rule 30(b)(6) witness who can testify as to "[w]hy the Change of Control Policy was not mailed to dealers." (Doc. 284-1 at 4).

Defendant asserts that this topic is relevant to its defense that Plaintiff's concealment of the Control Policy failed to observe reasonable commercial standards of fair dealing in the trade. (Doc. 284 at 5-6). The Court finds that Topic 1 of the Amended Notice is relevant, proportional to the needs of the case, and is stated with reasonable particularity. The Motion to Compel is granted as to Topic 1.

**B.  Topics 2, 4, and 5 are Not in Dispute**

It appears that Plaintiff does not object to providing a Rule 30(b)(6) witness as to Topics 2, 4, and 5 of the Amended Notice. (Doc. 284 at 6-7; Doc. 260-3). The Court finds that Topics 2, 4, and 5 of the Amended Notice are relevant, proportional to the needs of the case, and are stated with reasonable particularity. The Motion to Compel is granted as to Topics 2, 4, and 5.

**C.  Topic 3**

Topic 3 of the Amended Notice seeks a witness concerning "VMI's use and the features of Constant Contact." (Doc. 284-1 at 4). Defendant explains that it "seeks to understand how VMI used the mass-mailing software Constant Contact to communicate with dealers, including the Control Policy." (Doc. 284 at 6). Defendant further explains that "the Control Policy was sent via Constant Contact, and VMI has consistently asserted that its internal Constant Contact data shows that Mr. Kersey opened the email containing the Control Policy and clicked on the link to open it." (*Id.*).

Plaintiff objects to Topic 3 on the grounds that it is vague, ambiguous, and overbroad. (Doc. 290 at 10). These objections are overruled. The Court finds that Topic 3 of the Amended Notice is relevant, proportional to the needs of the case, and is stated with reasonable particularity. The Motion to Compel is granted as to Topic 3.

**D.  Topics 6, 7, and 11**

Topics 6, 7, and 11 seek a Rule 30(b)(6) witness to testify on the following issues:
> 6. Sales leads and other sales support provided to VMI dealers and AMS Vans from Jan. '15 to the present.
>
> 7. VMI's warranty claim occurrence rate from Jan. '15 to present.

. . . .

11. The following for VMI and AMS Vans:

    a) Monthly balance sheets, profit and loss statements, and cash flow statements from Jan. '15 to the present.

    b) Financial statements and source documents from Jan. '15 to the present, including all of the following by product type (vehicle, conversion, parts, etc.): revenue, sales, fixed and variable costs, gross profit and profit margin.

    c) Any valuations, appraisals, or the like of VMI's or AMS Vans' value, whether internal or external, including those based on any analysis of market comparable companies or an analysis of the companies' discounted cash flows from Jan. '15 to the present.

    d) From January 2019 to present, sales projections, forecasts, and budgets that forecast manufacturing and sales.

(Doc. 284-1 at 4-5). The Court agrees with Plaintiff that Topics 6, 7, and 11 seek the same or similar information as Defendant's prior discovery requests that were denied in the Court's August 6, 2020 Order. (Doc. 290 at 6). Yet, the Court is persuaded by Defendant's assertion that the "state of play has changed considerably" since the issuance of that Order. (Doc. 284 at 11). On September 4, 2020, Plaintiff disclosed that its current assessment of total damages is at least $25,244,590, which includes lost sales, decreased purchase orders, decreased shipments, harm to VMI's business reputation and good will, diminished market share, decreased business value, lost business opportunities, and value of confidential, sensitive and proprietary business information to a primary competitor. (Doc. 229-5 at 4).

Regarding Topics 6 and 7, Defendant states that it "seeks to understand whether and how VMI's support for its dealers has dropped in the past 5 years, which would be relevant for putting any alleged drop in sales of manual products in context. So too would a decline in quality of VMI's products, as evidenced by an increase in warranty claims." (Doc. 295 at 6). The Court finds that Topics 6 and 7 are relevant, proportional to the needs of the

case, and are stated with reasonable particularity. The Motion to Compel is granted as to Topics 6 and 7.

Defendant has provided an October 7, 2020 Declaration of its damages expert Keith Bierman, CPA. (Doc. 284-1 at 11-16). Mr. Bierman explains that the information in Topic 11(a) is needed because "any review of VMI's alleged lost profits would require the establishment of VMI's profitability, cost structure and financial trends as would be revealed by the requested financial statements." (*Id.* at 14). Mr. Bierman also states that "in assessing lost profits, it is important to consider any factors that could have affected the financial performance of the dealerships in question such as: changes in market conditions, competition, pricing pressures, consumer preferences, cost structures (both variable and fixed costs) and a number of other factors." (*Id.*).

Mr. Bierman states that the information in Topic 11(b) is necessary in order to "understand the details behind the changes in revenue, profitability, sales volumes, and pricing as it relates to the actual products being sold at issue." (*Id.*). Understanding such details, Mr. Bierman explains, is critical in determining whether there is a specific connection between the alleged wrongful acts and the resulting damages, and to the quantification of such damages. (*Id.* at 15). Mr. Bierman further states that the information in Topics 11(c) and 11(d) is needed in order to test VMI's assumptions used to calculate lost profits. (*Id.* at 15-16). The Court finds that Topics 6, 7, and 11 are relevant, proportional to the needs of the case, and are stated with reasonable particularity. The Motion to Compel is granted as to Topics 6, 7, and 11.

### E. Topic 8

In Topic 8 of the Amended Notice, Defendant seeks a designated VMI representative who can testify on the following topic: "For any VMI dealer locations in which the location transitioned to dual line while a VMI dealer, sales the three years before and after the location transitioned to dual line." (Doc. 284-1 at 4). Plaintiff contends that the Court's August 6, 2020 Order already denied discovery on this subject. (Doc. 290 at 6). Defendant responds that although Request For Production No. 1 sought five years of

information covering all VMI dealers, Topic 8 seeks a deponent to testify about a more limited set of data about a more limited set of dealers. (Doc. 295 at 4). Defendant asserts that it "is entitled to know how its performance compares to other dealers that have made that perfectly lawful switch, to establish that VMI's damages are merely the natural consequence of Kersey doing something that it was always entitled to do, broaden its product line-up for customers." (*Id.*). The Court finds that Topic 8 is relevant, proportional to the needs of the case, and is stated with reasonable particularity. The Motion to Compel is granted as to Topic 8.

### F. Topic 9

Topic 9 seeks information concerning "[o]ther VMI dealers who have sold any interest in a dealership since the Control Policy issued in Nov. '18, including VMI's consent or lack thereof." (Doc. 284-1 at 4). Defendant explains that because this case centers on the value, if any of VMI's alleges rights of first refusal and first-offer, its damages expert cannot accurately assess the impact of Kersey's sale without understanding the effects of comparable transactions. (Doc. 284 at 9). In his Declaration, Mr. Bierman states that:

> Rights of first refusal and topping rights have the tendency to "chill" the interest of third-party buyers who are not willing to go through the expense and effort of due diligence and committing to an offer if they know that VMI can simply beat their offer by just a nominal amount. It is important to understand whether these rights have been enforced with respect to other dealerships and what effect those rights had on the dealership's sale process and/or ultimate value received, if sold. From a damages perspective, it would be necessary to understand the effect such alleged contract rights have on the value of any dealerships whereby these alleged rights have been actually implemented, including whether there was any deleterious effect on the value of the dealerships as a result.

(Doc. 284-1 at 13-14). The Court finds that Topic 9 is relevant, proportional to the needs of the case, and is stated with reasonable particularity. The Motion to Compel is granted as to Topic 9.

**G. Topic 10**

Topic 10 of the Amended Notice concerns "VMI's responses to discovery requests, including the 'increased support' described in VMI's response to Interrogatory No. 3." (Doc. 284-1 at 4). Plaintiff asserts that Topic 10 fails to reasonably specify any other discovery response on which Kersey seeks testimony, explaining that Kersey has propounded multiple sets of discovery requests covering numerous facts and issues. Plaintiff contends that "[w]ithout knowing the specific discovery responses Kersey wants to depose VMI on, it is unreasonable to require a witness to pour over every single discovery response VMI has made in this action." (Doc. 290 at 12).

The Court finds that Topic 10 does not provide reasonably particularized notice such that Plaintiff can meet its obligation to prepare its representative. The Motion to Compel is granted as to Topic 10 to the following extent: Plaintiff shall produce a Rule 30(b)(6) witness to testify as to VMI's response to Interrogatory No. 3. Defendant's Motion to Compel is otherwise denied as to Topic 10.

### III. CONCLUSION

Based on the foregoing,

**IT IS ORDERED** granting in part and denying in part Defendant's Motion to Compel (Doc. 284) as set forth herein.

Dated this 15th day of January, 2021.

Honorable Eileen S. Willett
United States Magistrate Judge